397 P.2d 797

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Leo J. NUTTALL, Defendant and Appellant.**

**No. 10189.**

Supreme Court of Utah.

Dec. 28, 1964.

6. Nichols on Eminent Domain, Vol. 4, § 12,322(1).

**172**

Dale E. Stratford, Ogden, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

HENRIOD, Chief Justice:

Appeal from a conviction for obtaining a chose in action from one Gittens under false pretenses.[1] Reversed.

Nuttall induced Gittens to join in the following scheme: Nuttall was to sell a tractor to Gittens under a paper transaction, without any transfer of possession. Then Gittens, under another paper transaction, was to lease the tractor back to Nuttall, who was to re-lease it to others for a profit to be divided between the two. Gittens was not to put up any money but was to get either the tractor or $300 for nothing under the five-year contract. There was no tractor as represented. Nonetheless, Nuttall pledged the contract to a finance company that apparently acted as foolishly as Gittens by not checking out the facts, including the existence of the tractor. Nuttall made payments to the finance company for awhile then defaulted. The finance company did what comes naturally and pursued Gittens for the delinquent payments. Apparently as a result of this pursuit, Gittens became the complaining witness in this criminal action. Up to that time Gittens had lost nothing except the ink producing his signature, and the State takes the position that the finance company could not collect from him because of the illegality of the whole deal. There might be two schools of thought there, but the fact remains that Gittens lost nothing, and under the decision of State v. Vatsis,[2] at least that element of the offense under the same statute, seems to be lacking. Furthermore, we think the criminal complaint, based on Nuttall's fraudulent obtaining something from Gittens was premature, since Nuttall very well might have satisfied its terms as to payment before the five years expired.

What penal responsibility Nuttall may have under the statute because of his dealing with the finance company is not before us, and therefore we cannot adjudicate that matter here,—the finance company not being claimed in this action to have lost anything because of the false pretenses of anyone.

McDONOUGH, CALLISTER, CROCKETT and WADE, JJ., concur.

---

1. Title 76–20–8, Utah Code Annotated 1953 (as amended, Laws of Utah, 1959, Chap. 141, sec. 1.)

2. 10 Utah 2d 244, 351 P.2d 96 (1960).